Babcock, J.
The plaintiff seeks a temporary injunction restraining the city of Lakewood, John D. Coffinberry, its mayor, Byron M. Cook, auditor, and Louis R. Smith, treasurer, from paying Robert Bowie and four other persons recently appointed to positions in the police and fire departments of the city of Lakewood, in the place of B. F. Woods and others who have been attempted to be displaced by the director of public safety of said city from the positions in said departments theretofore held by them.
Lakewood was a village until February, 1911, since which, time it has been a city, having been advanced to that position by reason of population as determined by the last federal census.
On January 15th, two ordinances were passed, one with reference to the creation of a police department, wherein a chief of police and patrolmen were provided for, and the other having reference to the creation of positions in the fire department of the city. Plaintiff denies the regularity of the appointments under these ordinances of January 15th, and prays for an injunction restraining the officers of the city from issuing any orders or *514 warrants, or in any manner making payment to said appointees under the ordinances, of any funds of the city.
Section.3497 of the General Code provides for the classification of municipal corporations, and says that municipal corporations which at the last federal census had a population of five thousand or more shall be cities.
Section 3499 of the General Code provides that officers of a village advanced to a city, or of a city reduced- to a village, shall continue in office until succeeded by the proper officers of the new corporation at the next regular election; and the ordinances thereof not inconsistent with the laws relating to the new corporation shall continue in force until changed or repealed.
It is not controverted, I believe, that the word "officers" in this section refers to elective officers.
Section 4488 of the General Code is as follows,
“To prevent the stoppage of public business, or to meet extraordinary exigencies, as provided in this title, the mayor may make temporary appointments.”
Section 4227-1, 2 and 3, known as the Crosser act, provides for municipal initiative and referendum. It is contended by the plaintiff that per force of this section the ordinances of January 15th are not yet operative, and that the appointments thereunder are. therefore iregular and illegal; consequently .that no public -money can be appropriated to the payment of salaries to such irregular appointees at the present time.
It will be observed that the ordinance as regards the police involves the creation of offices which did not theretofore exist, since the village only had a marshal, whereas the city of Lakewood, which has succeeded the village, is to be furnished with a police system having a chief .of police and other officers.
It becomes necessary, then, to examine and determine the meaning of the initiative and referendum statute, in so far as it is involved in the question at bar.
The first sub-section provides for the initiative, and includes within its provision “ordinances providing for and declaratory of any and all powers of government which the General Assembly has delegated or may hereafter delegate to any municipal cor-' *515 poration, in accordance with the provisions of the Constitution and all repealing ordinances. ’ ’
This language would seem to be the most comprehensive possible to be used.
•Sub-section 2 is divided into two paragraphs, the first one providing for a referendum within thrity days, but without any provision that the ordinance or other measure shall be in abeyance and not become effective at once. The second paragraph' of that section provides for ordinances and other' measures which may be referended at any time within sixty days; and that, during the interim, the ordinance or measure shall not become effective in less than sixty days after its passage. Sub-section 3 provides for all other acts of the council not included among those specified in Section 2. These are to remain inoperative for sixty days after passage, and are subject to the referendum, with this exception, that as to such, if declared emergency measures and they receive a three-fourths majority in council, they may go into effect immediately, and remain' in effect until repealed by the council or by direct vote of the people.
If we were permitted to go outside of the record and consider the political maneuvers which attend law-making, we would know that there is no legislative intent, held either by the General Assembly or any member of it, expressed in this law, the fact being that it was put into the shape it is for the same reason that cannon are spiked so as to render them useless. But we' are not permitted to indulge in these sources of information, but áre compelled to take the law as it reads and give meaning to it where possible.
The two paragraphs of sub-section 2 give a list of the things which may be referended under certain forms and procedure. In so many respects do they resemble each other in phraseology but not in operation, that with both in mind it is easy to see that the first paragraph provides for ordinances (1) granting a franchise, (2) creating a right, (3) involving the expenditure of money, and (4) exercising any other power delegated to such municipal corporation.
Leaving out the general clause just quoted, all the others are in the second paragraph of the section, with the following added:
*516 ‘ ‘ conferring, extending or renewing a right to a nse of streets, or requiring the use of the streets for water, gas, electricity, telephone, telegraph, power of street railway, or other public or quasi-public utility.”
To the extent anything is enumerated in the second paragraph that is not in the first, to that extent the time is extended to sixty days; and as to such, the ordinance does not become effective within sixty days. As to such as are in the first paragraph and not in the second, there is no provision extending their going into effect, nor can the referendum or the right of referendum extend beyond thirty days before the filing of the petition. The expression “or exercising any other power delegated to such municipal corporation” I think should be read and construed under the rule ejusdem generis, which is defined as follows:
“It is a rule of interpretation sometimes called Lord Tenterden’s Rule, that where a statute or other document enumerates several classes of persons or things, and immediately following a class with such enumeration the clause embraces ‘other,’ will generally be read as ‘other such like,’ so that persons or things therein comprised may be read as ejusdem generis with and not of a quality different from those specifically enumerated. * * * And general words following particular and specific words must ordinarily be confined to things of the same kind as those specified.”' Bishop’s Written Laws, Section 245.
It is true that this rule is not to be employed in any case to defeat the plain intent of the GeneralAssembly, but I think it applicable here.
There are some things in the second paragraph that are not included in the first. What is left for sub-section 3 under the phrase “all other acts of city council not included among those specified in Section 2 of this act, ” it is difficult if not impossible to say. If I were compelled to give meaning to all of these pro-. visions, I should give up the task in hopeless despair, but I have only to apply this statute to the particular case at bar; and it seems sufficient for. me to. say that when Lakewood became a city and it had to create a police department, and to that end passed .an ordinance on the 15th of January creating the office of chief of police and the offices, of subordinate policemen, giv *517 ing to them a salary, that such ordinance “involved the expenditure of money.” Surely the creation of an office with a salary involves an expenditure of money to pay the salary; and language can not be plainer than that for sixty days such ordinance does not go into effect. With the consequences of this delay, the court has no concern.
Section 4488 provides for temporary appointments to prevent the stoppage of public business, but it is not claimed that these appointments were made under that section. Until the language of this statute is changed, there will be no way, I think, to interpret or construe it except to apply the eases to it as they come up, and leave the rule of interpretation to be gathered from the line which the interpretation makes as the cases array themselves in the adjudications which result.
I only decide in this matter that these ordinances involve the expenditure of money, and they are not in force for sixty days .from January 15th. In the meantime I think there is no authority-to apply public moneys to the salaries which are provided for the offices which these ordinances seek to establish.
The suggestion is made that the interpretation which seems to be involved in this decision would so tie up the hands of city 'government as that the regular department officials can not be paid under the'appropriation ordinances which are monthly passed. I do not think these involve the expenditure. of money. They simply appropriate that which is already set apart to the purpose, and are the only means of making payment of obligations already existing; and instead of involving the expenditure of money, they simply involve a process of appropriating it to the purposes to which it is already set apart and bound in law to be devoted.
That there are many inconveniences attendant upon this statute, no matter how interpreted, can not be denied; but the relief seems to be with the Legislature, and not with the courts. There is only one other way in which I can find a means of escape’ from the embarrassment entailed by this statute, and that would be by declaring it void for uncertainty. I do not find in works on interpretation any rule of that kind. The General Assembly must have meant something by this statute, and it is for the *518 court to determine- and declare what it was. I have done so in part, and in part only, throwing in some suggestions for whatever they may be worth.
Temporary injunction is granted.